———o———

## No. 3739.

(Court of Appeal, Parish of Orleans.)

### HUGH McMANUS vs. MICHAEL SCHEELE.

Appeal from Civil District Court, Division "C."

McCloskey and Benedict, for Plaintiff and Appellant.

George J. Untereiner, for Defendant anl Appellee.

#### ON MOTION TO DISMISS.

1. Where, in a suit to enforce the cost of paving done under municipal authority, the constitutionality or legality of the ordinance under which the work was done is put at issue, the Supreme Court has exclusive appellate jurisdiction of the cause whatever may be the amount involved.

2. Under the provisions of Act No. 56 of 1904, appellate Courts have the right, in cases where the appellant shall have appealed to the wrong Court to transfer the cause to the proper Court, instead of dismissing the appeal.

MOORE, J. This was a suit to enforce payment against cer-

tain property for its pro rata share of the cost of paving done under ordinances of the City of New Orleans. The amount involved is within our jurisdiction limit.

The issue tendered by the answer, however, concerns the constitutionality and legality of the City Ordinances authorizing the paving and the mode and manner of the assessment on abutting properties for the cost of the work.

From a judgment in favor of the defendant rejecting plaintiff's demand, the latter took his appeal to this court.

The appellee moves to dismiss the appeal on the ground that we are without jurisdiction to determine the issues involved.

However frivolous the contention of the defendant may be that the ordinances of the city in the matter stated are unconstitutional and illegal, we may not so adjudge, forasmuch as by Art. 85, Con., the Supreme Court is vested with exclusive appellate jurisdiction in all cases in which the constitutionality or legality of any tax whatever, imposed by a municipal corporation, shall be in contestation, whatever may be the amount involved in the suit. 39 A. 132; 46 A. 1561; 47 A. 589; 50 A. 285; 51 A. 1895; 52 A. 689; 48 A. 338; 44 A. 85; 49 A. 762; 44 A. 805; 52 A. 825, 1888, 2126.

Nor can we, since the passage of Act No. 56, approved June 29th, 1904, dismiss the appeal. Under the provisions of that Act the appeal is to be transferred to the Supreme Court upon the appellant or his attorney of record making oath that the appeal was not made for purpose of delay, and upon his otherwise complying with the conditions which will be imposed by our decree herein.

It is therefore ordered adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana upon the appellant or his attorney of record making and filing with the clerk of this court, on or before the 17th day of May, 1905, his affidavit that the appeal herein was not made for purpose

of delay and further upon the said appellant lodging with the Clerk of the Supreme Court of this State, on or before the first day of June, 1905, a full and complete transcript of this case, made and certified to in the manner and form required by the rules of the Supreme Court for transcripts in appeals taken direct to that Court, together with a certified copy of this decree and the affidavit herein referred to.

All costs incurred in this court to be taxed against the appellant. May 15th, 1905.